Good morning, Counsel. Good morning, Your Honors. Thank you all for being so patient. We had a longer discussion earlier. Spirited discussions. Indeed. But it was fun to watch, right? It certainly was. Your Honors, and may it please the Court, my name is Joshua Boxer and I represent the 61 plaintiffs in this case. I'd like to try to reserve about four minutes for rebuttal, if possible. Your Honors have been clear that absent prejudice or a strong showing of the other factors under Rule 15, there is a presumption in favor of granting leave to amend. Can I just kind of cut to the chase, since we don't have a lot of time here. Our friend Judge Real likes to do these kinds of things, and so I guess my question to you is, if he was quick, if you will, in acting on this because the first and second amendments were de minimis and one agreed upon, in what way would you change the complaint to make it fly, regardless of who was looking at it? Sure. I think Your Honor's point is well taken, that there were, pardon me if I may. Please. That water is not from Flint. But if it's Pasadena water, good luck. Marginal. There are certainly a number of factual issues identified by the District Court, and factual they are. And I think we made clear in the motion for class certification filed two days after our opposition, in the 48 declarations filed by plaintiffs, in the comprehensive declaration filed by our automotive expert, that there are indeed additional facts that we can allege that would You know what's going to happen. We certainly do, Your Honor. And I haven't seen them in any great detail yet. I would say to Your Honor that we are now in that situation we've discussed in which factual deficiencies have been identified to Plaintiff's Counsel. And as such, it's obviously incumbent upon plaintiffs to file an amended complaint, remedy each of the issues identified by the court. So bottom line, from your perspective, you need to do a lot more work, but it wouldn't be futile. Absolutely. There's certainly no finding of futility by the District Court here. And this court's been clear that dismissal with prejudice is an abuse of discretion, where the District Court fails to make a determination that the pleading could not possibly be cured by the allegation of other facts. Your Honors, we've briefed these issues, we believe, comprehensively. And rather than repeating my briefing, I would certainly welcome any additional questions from Your Honors before reserving my time. We thank you for your wisdom. Thank you, Your Honor. Let's hear from the other side. Good morning, Your Honors. Philip Benoli, and I am appearing on behalf of Packar Inc. and Inland Kenworth. And Your Honors, just for the record, Counsel for the Court, we equally share the 10 minutes allotted to defense, so I have five minutes, they have five minutes. That's fine. It almost never works, but good luck. And it is late in the morning, and my stomach is growling. Do you guys have, I'm asking you guys, do Your Honors have any questions? Do Your Honors have any questions for me? Not really. I have to say, it'd be unusual to dismiss with I'm not sure why this case would be an exception to that rule. Well, the only way I could answer that, Your Honor, is Your Honors mentioned that, or Counsel mentioned that there needs to be work that needs to be done. But in the record, specifically in page 11, it's the declaration of Mr. Boxer that was attached to the opposition to the motion to dismiss. And he specifically said that he interviewed over a hundred truck drivers, and also representatives of various trucking companies. And that's put into his opposition to the motion to dismiss. And also in our supplemental excerpts of record, page 24, the motion for class certification, lines 11 to 13, specifically say that they did a thorough, they conducted a thorough and detailed investigation into these claims. Counselor, can I just at least give you my thought? Please. You're probably gonna win on all this. I mean, but the reality is you've got a badly drafted first complaint. Then you've got two non-substantive amendments. One that you stipulated to, if I understand it correctly. That is correct, Your Honor. So the question is, is there any reason under our law why he shouldn't have an option? He may get blown out completely. But under our law, doesn't he have the right to take on at least one more crack at it, and take the benefit of all this work that they've done, try to plead it again. If he doesn't make it then, then he's had his shot. He has a substantive chance. Under our law, isn't that what has to happen here? Well, not necessarily, Your Honor, because he had the opportunity to amend the complaint. Putting these substantive issues into the first and second amendment. Wait a minute, the joint stipulation was very limited, was it not? That's correct, but we did not force them, we did not prevent them, to not substantially amend the second amended complaint. They did it on their own. Yeah, but there's no finding of futility here by Judge Real, and I'm not persuaded it's I've heard my questioning in the prior case. In that case, it was a badly, it was very bare-bones complaint, and the judge said, I'll give you leave to amend, and that's the standard practice. So I think you're pushing it. It's nothing personal. You're not failing your client, but as speaking for myself, I see no reason on this record not to give them a chance to amend, and that's why I counseled, you know, challenged them. They better be specific because, as Judge Smith indicated, the best they can hope for is one bite at the apple, and this would be the second. In other words, they get one more bite at the apple, and if they don't do it, then... The only thing I, the last thing I'll say, Your Honor, in terms of the futility amendment, and the futility of amendment, and Mr. Taggart will probably argue a little bit more on that, is you're right. Judge Real didn't specifically say that there is going to be, there was a futility of amendment. Absolutely, I agree with you on that. However, in his order page, which is page eight of the record, he says the factors, plural, of ecological rights do not support giving leave to amend. So apparently, by using the plural in factors, he did consider more than one of the factors illustrated by ecological rights, and I agree with Your Honor. Like I said, he did focus in on the failure to properly amend in the prior two versions of the complaint, but based upon the use of the S... He doesn't tell us sometimes. And he didn't tell us in this case. I agree with that, Your Honor, and unless the court, Your Honors, have any other questions... Your time is up, and your co-counsel is going to be after you. All right, I don't want anybody after me, Your Honor. Thank you very much. Thank you. Good morning, and may it please the court. Craig Taggart for defendant in the Pelley Westport Fuel Systems, Inc. I'm not going to sit here and tell the court that a lot of district court judges would have granted leave to amend here, and I'm not going to say that there were any changes to the prior amendments. I'm not going to state any significance to the prior amendments. But that's not how Judge Riehl previously amended their complaint two times. That was the lead statement. No doubt, Your Honor. To address the issue about whether he considered futility, Judge Riehl does mention futility in his order. He does say that the same deficiencies were present in three prior versions of the complaint. As Mr. Bonoli stated, he does state that the ecological rights factors as a whole do not support leave to amend here. But I think the most important thing here is that this court can consider futility de novo. And I recognize that we possibly have an uphill battle here in persuading the court that there's futility to any of the claims here. Well, you know, I would like to point out, Your Honor, that this isn't a consumer class action, despite the fact that there's certain references of that in the complaint. This is a case that's brought on behalf of 61 separate truck drivers, almost all of whom leased their trucks from the original purchasers. And those original purchasers aren't mere distributors of the defendants. They're trucking companies that have no affiliation or connection with the defendants. There's a couple of things here. Once the defendants filed their motions to dismiss, plaintiffs put some information attached to Mr. Boxer's motion to dismiss in his appellate briefing supports their ability to amend their claims. Now, I didn't hear anything substantive from Mr. Boxer today as to how he's actually going to do that. And that no, nothing just for myself, counsel, I have no interest in digging into the facts to figure out whether he could amend sufficiently to survive another 12B6 from Judge Reel. That seems like an argument that you should go before him and argue it again. Fair enough, Your Honor. There are a couple of, I think, pretty big, blatant legal deficiencies to their claims that I would like to note. Recognizing that the court may determine that that's best for Judge Reel to decide. That would save you some time and tell you that asking us to amend the complaint would be futile. It's, I mean, one thing of particular note, Your Honor, the Southern County's Express Warranty Claim, you know, they attach this warranty that they claim, you know, supports the breach of warranty claim and we'll just attach that to amend a complaint that solves the problem. Well, this court can see that on the face of that document, it's not directed to any of these names plaintiffs. It's directed to an entity called Southern County's Express. We, I think it's fair you can tell, we agree that as it currently stands, it doesn't fly. The question before us, though, is Judge Reel didn't make any finding regarding futility. The previous two amendments were non-substantive, one of which at least you consented to stipulate. I think two parties were added. The question is, can he replead in a way that survives? I don't know. I really don't know. But the reality is, we're not going to do it. And the question is, what does our law require us to do in these circumstances? I think you know the answer. Yeah, I recognize that, Your Honor. I guess the only, the only point I would make, and again, recognize that this is an uphill battle, is that there's a blatant legal, a blatant legal deficiency to any of their claims, and some of them are present in their briefing. There's no question that that's what I implied in my observation to begin with. Yeah, it's a very defective, and I haven't seen a whole lot that convinces me that they'll succeed before Judge Reel or any judge, if they don't get . . . But I recognize that, Your Honor, and I appreciate the Court's time, and thank you. Thank you. Counsel, you have a little time to rebuttal if you want that. I guess the question is whether Your Honors want that, and whether there are any further questions I could answer. I don't know how you heard our feelings on both sides. Very well. Thank you very much, Your Honors. We thank you all for your patience. The case just argued is submitted, and the Court is in recess for the day. Thank you. Thank you very much.
judges: Fisher, M. Smith, Nguyen